DANIEL STEELMAN, RESPONDENT, v. FRANK FARKAS, APPELLANT.

Submitted December 8, 1919—Decided March 1, 1920.

On appeal from the Supreme Court, in which the following *per curiam* was filed:

"The suit is for damages for alleged breach by defendant of an agreement to sell certain manure to plaintiff; and also (second count in the state of demand) for the conversion by defendant of certain other manure, the property of plaintiff. The trial court sitting without a jury awarded damages to plaintiff on each count.

"As to the first count, the facts are concededly that defendant orally agreed to sell the manure mentioned in that count for $50, and that plaintiff was to hand his check the same day to one Splain, or mail the check the next day to defendant at Belcoville. It appeared that plaintiff did mail the check on the day specified, addressing it to defendant, Camp 25, Belcoville, which, so far as appears, is the correct address. The letter was registered. Defendant testified that he did not inquire at the post office for the letter, and received no notice of its arrival. Defendant sold the manure to another party the day after plaintiff mailed the letter.

"It is claimed that plaintiff cannot recover on this count because he did not carry out his part of the agreement. But

the court was fully justified in finding that he did. He mailed the check, at the time specified, to the address stipulated (adding Camp 25, which appears immaterial). It is proper to find that if the defendant did not get the check it was his fault in not asking for his mail. The check and letter enclosing it were returned by the post office to plaintiff about nineteen days later, and it is now claimed that he should have tendered payment to defendant, as a condition precedent to suit. But as defendant had sold the manure this would have been futile, and, hence, under the well-settled rule, was not required. The finding for plaintiff on the first count was justified; the amount of damages is not before us for review.

"As to the second count, it is said there is no evidence that defendant sold manure belonging to plaintiff. This is erroneous. Defendant admitted selling manure 'out of the Mc-Nichol pile,' and plaintiff and McNichol both testified as to plaintiff's ownership, either general or special, of that manure. Either will support trover. The amount of damages is likewise not before us.

"The judgment is affirmed, with costs."

For the appellant, *Babcock & Champion.*

For the respondent, *William H. Smathers* and *Endicott & Endicott.*

PER CURIAM.

The judgment under review will be affirmed, for the reasons set forth in the opinion of the Supreme Court.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, ACKERSON, JJ. 13.

*For reversal* — None.